**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**EVERETT JONES, 07-A-5636,**

                                        **Plaintiff,**                                10-CV-0823(Sr)

**v.**

**SUPERINTENDENT OF ATTICA**
**CORRECTIONAL FACILITY,**
**SERGEANT COCHRAN and**
**R.N. HAWLEY,**

                              **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #22.

Currently before the Court is defendants' motion to dismiss so much of plaintiff's *pro se* complaint which asserts claims pursuant to 42 U.S.C. § 1983 against Superintendent Conway and Sergeant Corcoran[1] for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. #10.  Also before the Court is plaintiff's motion for summary judgment.  Dkt. #17.  For the following reasons, it is recommended that defendants' motion be granted with respect to Superintendent Conway and denied with respect to Sergeant Corcoran and that plaintiff's motion for summary judgment be denied.

---

[1]Sergeant Corcoran's name is spelled incorrectly in plaintiff's complaint.

**BACKGROUND**

On July 30, 2009, as plaintiff was returning to his housing area from the yard at the Attica Correctional Facility, he was assaulted by four inmates, suffering multiple stab wounds and a 16-inch cut on the side of his face,. Dkt. #1, p.5. Plaintiff complains that the metal detector was not utilized as the inmates were entering the yard and that there was no corrections officer in the yard at the time of the assault. Dkt. #1, p.5. Plaintiff further alleges that Sergeant Corcoran, the supervising officer of the housing block, was on notice of the potential for problems between plaintiff and other inmates, but failed to protect him. Dkt. #1, p.5. Specifically, the complaint states:

> On this date of incident I was move into the housing area (B-Block) [Sergeant Corcoran] is the superior officer of this block and was on notice that ther was a forseeable problem with me and other inmate he fail to protect me from these inmate and place me on the same gallery (cell location) with inmate I had problems with [sic].

Dkt. #1, p.5. Plaintiff also claims that in addition to filing a grievance, which he appealed to the Superintendent, he also "wrote the Superintendent and express my concern for my safety no answer or anything was done to protect me [sic]." Dkt. #1, p.6.

On August 6, 2009, while plaintiff was in his cell in protective custody, he was splashed with boiling water and suffered burns to his left arm and torso. Dkt. #1, p.7. Plaintiff complains that R.N. Vance Hawley failed to provide adequate medical care of his burns, causing infection. Dkt. #1, p.7.

## DISCUSSION AND ANALYSIS

**Motion to Dismiss**

    Defendants Conway and Corcoran argue that plaintiff has failed to allege

sufficient facts to demonstrate that they were aware that plaintiff faced a substantial risk

of serious harm or that they were deliberately indifferent to that risk, as is required to

state a failure to protect claim.  Dkt. #14-1, pp.8-11.  Defendant Conway also argues

that plaintiff has failed to  allege his personal involvement in the factual circumstances

pertaining to the assault.  Dkt. #14-1, pp.5-8.


    Plaintiff responds that Sergeant Corcoran

    was on notice of a forseeable problem with other inmate as
    well plaintiff alleges defendant Superintendent fail to
    acknowledge the reported complaint of a forseeable problem
    as well defendant Superintendent fail to seek and maintain
    proper safety measure to prevent harm from others and
    supply enough officers while recreation is being
    ran/conducted [sic].

Dkt. #18, p.2.  Plaintiff argues that it was negligent of defendant to fail to utilize the

metal detector and to permit weapons into the yard.  Dkt. #18, p.3.  Plaintiff further

argues that before and after this incident, numerous assaults have taken place, with

numerous inmates being slashed, stabbed and killed due to lax security measures.

Dkt. #18, p.5.  Plaintiff reiterates the he

    had put the above superior officer on notice that I have
    problems with the specific inmates that was involve in the
    assault and the same day of the assault I specifically told
    Sergeant [Cocoran] that I could not move into the housing
    unit because of one of the individual I previous complain
    about is house on the same unit as well as the other three
    individual that was involve in the assault. No metal detector

> was use even after I complain that there would be a problem
> the same night I was assaulted by the same individual that
> the superior officer knew about [sic].

Dkt. #21, p.1.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).   More specifically, "an inmate's claim that prison officials failed, as a result of their deliberate indifference, to protect him from the violent actions of other inmates may state a viable § 1983 cause of action." *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991).   Not every prison scuffle is a matter of constitutional import, however, and minor injuries from random altercations are insufficient. *See Colliton v. Gonzalez*, No. 07 Civ. 2125, 2011 WL 1118621 at *6 (S.D.N.Y. March 23, 2011).   Thus, the injury sustained, *i.e.*, "the deprivation alleged, must be, objectively, sufficiently serious." *Farmer*, 511 U.S. at 834.

With respect to the deliberate indifference element, plaintiff must demonstrate that the prison official was subjectively aware that the inmate faced a substantial risk of serious harm but disregarded that risk by failing to take reasonable measures to prevent the harm and ensure a safe environment. *Hayes v. N.Y. City Dep't of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996).   Because the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to damages under § 1983 and the doctrine of *respondeat superior* cannot satisfy the prerequisite of personal involvement, a plaintiff must plead that each defendant violated the constitution through

-4-

his or her own individual actions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937,

1948 (2009); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).


In the procedural context of a motion to dismiss for failure to state a claim,

plaintiff's complaint must set forth "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The

plaintiff is not required to set forth detailed factual allegations, but must proffer "more

than an unadorned, the-defendant-unlawfully-harmed me accusation."  *Id.*  "At this

state, the issue is not whether a plaintiff is likely to prevail ultimately, but whether the

claimant is entitled to offer evidence to support the claims."  *Matson v. Bd. of Educ. Of

City School Dist. of N.Y.*, 631 F.3d 57, 72 (2d Cir. 2011) (internal quotation omitted).


Plaintiff has alleged sufficient facts to state a plausible claim of deliberate

indifference against Sergeant Corcoran by asserting that Sergeant Corcoran placed

plaintiff on the same gallery with an inmate Sergeant Corcoran knew plaintiff had

problems with and on the same day, that inmate was allowed into the yard with plaintiff

without being screened by the metal detector, affording that inmate the opportunity to

attack plaintiff with a knife and cause serious injury to plaintiff.  *See Beckles v. Bennett*,

No. 05 Civ. 2000, 2008 WL 821827, at *17 (S.D.N.Y. March 26, 2008) ("Courts have

found that, when an inmate informs corrections officers about a specific fear of assault

and is then assaulted, this is sufficient to proceed on a claim of failure to protect.")

(collecting cases).

With respect to Superintendent Conway, however, plaintiff's allegations do not suggest that Superintendent Conway was personally involved in the decision to move plaintiff to the housing unit or aware that plaintiff had problems with other inmates on that housing unit prior to the assault.  Even interpreting plaintiff's allegations to suggest that he wrote Superintendent Conway about his safety concerns upon his transfer, given plaintiff's allegation that the assault occurred on the same day as his move into the housing block, it is not plausible that Superintendent Conway would have received plaintiff's letter prior to the assault.  In any event, such a letter is insufficient to demonstrate personal involvement by a supervisory official.  *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Smart v. Goord,* 441 F. Supp.2d 631, 642-43 (S.D.N.Y. 2006); *Liner v. Goord*, 310 F. Supp.2d 550, 555 (W.D.N.Y. 2004).

Accordingly, it is recommended that defendants' motion to dismiss be granted with respect to Superintendent Conway and denied with respect to Sergeant Corcoran.

**Motion for Summary Judgment**

Although Rule 56 of the Federal Rules of Civil Procedure permits a party to move for summary judgment "at any time," pre-discovery summary judgment is the exception rather than the rule and will be granted only in the clearest of cases.  *Wells Fargo Bank Northwest, N.A. v. Taca Int'l Airlines, S.A.*, 247 F. Supp.2d 352, 359-60 (S.D.N.Y. 2002).  Summary judgment is only appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

In the instant case, summary judgment is premature as there are numerous questions of fact which cannot be resolved without adequate discovery of, *inter alia*, plaintiff, Sergeant Corcoran and R.N. Hawley, as well as defendants' records, plaintiff's grievances and plaintiff's medical records.  The allegations set forth in plaintiff's complaint and motion for summary judgment are insufficient to establish his entitlement to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, it is recommended that defendants' motion to dismiss (Dkt. #10), be granted with respect to Superintendent Conway and denied with respect to Sergeant Corcoran and that plaintiff's motion for summary judgment (Dkt. #17), be denied as premature.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

DATED:      Buffalo, New York
            February 3, 2012

                              _s/ H. Kenneth Schroeder, Jr._
                              H. KENNETH SCHROEDER, JR.
                              United States Magistrate Judge