**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**EVERETT JONES, 07-A-5636,**

       **Plaintiff,**       10-CV-0823A(Sr)

**v.**

**SUPERINTENDENT OF ATTICA
CORRECTIONAL FACILITY,
SERGEANT COCHRAN and
R.N. HAWLEY,**

    **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

  This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #22.

  Currently before the Court are plaintiff's motions for summary judgment on his claims pursuant to 42 U.S.C. § 1983 against Sergeant Corcoran[1]. Dkt. ##27 and 32. Plaintiff's claims against Superintendent Conway were dismissed by prior Order of this Court. See Dkt. ##26 and 34. For the following reasons, it is recommended that plaintiff's motions for summary judgment be denied.

## BACKGROUND

  On July 30, 2009, as plaintiff was returning to his housing area from the

---

[1]Sergeant Corcoran's name is spelled incorrectly in plaintiff's complaint.

yard at the Attica Correctional Facility, he was assaulted by four inmates, suffering multiple stab wounds and a 16-inch cut on the side of his face. Dkt. #1, p.5. Plaintiff complains that the metal detector was not utilized as the inmates were entering the yard and that there was no corrections officer in the yard at the time of the assault. Dkt. #1, p.5. Plaintiff further alleges that Sergeant Corcoran, the supervising officer of the housing block, was on notice of the potential for problems between plaintiff and other inmates, but failed to protect him. Dkt. #1, p.5. Specifically, the complaint states:

> On this date of incident I was move into the housing area (B-Block) [Sergeant Corcoran] is the superior officer of this block and was on notice that ther was a forseeable problem with me and other inmate he fail to protect me from these inmate and place me on the same gallery (cell location) with inmate I had problems with [sic].

Dkt. #1, p.5. Plaintiff also claims that in addition to filing a grievance, which he appealed to the Superintendent, he also "wrote the Superintendent and express my concern for my safety no answer or anything was done to protect me [sic]." Dkt. #1, p.6.

On August 6, 2009, while plaintiff was in his cell in protective custody, he was splashed with boiling water and suffered burns to his left arm and torso. Dkt. #1, p.7. Plaintiff complains that R.N. Vance Hawley failed to provide adequate medical care of his burns, causing infection. Dkt. #1, p.7.

## DISCUSSION AND ANALYSIS

**Motion for Summary Judgment**

Although Rule 56 of the Federal Rules of Civil Procedure permits a party to move for summary judgment "at any time," pre-discovery summary judgment is the exception rather than the rule and will be granted only in the clearest of cases. *Wells Fargo Bank Northwest, N.A. v. Taca Int'l Airlines, S.A.*, 247 F. Supp.2d 352, 359-60 (S.D.N.Y. 2002). Summary judgment is only appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

In the instant case, in its prior Report, Recommendation and Order (Dkt. #26), this Court previously held that summary judgment is premature as there are numerous questions of fact which cannot be resolved without adequate discovery of, *inter alia*, plaintiff, Sergeant Corcoran and R.N. Hawley, as well as defendants' records, plaintiff's grievances and plaintiff's medical records. For those same reasons, this Court once again finds that the allegations set forth in plaintiff's complaint and motions for summary judgment are insufficient to establish his entitlement to judgment as a matter of law and recommends that plaintiff's motions for summary judgment be denied.

## CONCLUSION

Based on the foregoing, it is recommended that plaintiff's motions for summary judgment (Dkt. ##27 and 32), be denied as premature.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). <u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2</u>

(concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

DATED:   Buffalo, New York
         September 26, 2012

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**