**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**EVERETT JONES, 07-A-5636,**

                                **Plaintiff,**                            10-CV-0823(Sr)

**v.**

**SUPERINTENDENT OF ATTICA**
**CORRECTIONAL FACILITY,**
**SERGEANT COCHRAN and**
**R.N. HAWLEY,**

                                **Defendants.**

---

### DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #22.

Plaintiff, an inmate of the New York State Department of Corrections and Community Supervision ("NYSDOCCS"), filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983 based upon allegations that NYSDOCCS' employees failed to protect him from assault from other inmates.  Dkt. #1.

Currently before the Court is plaintiff's motion to appoint counsel.  Dkt. #30.  In support of the motion, plaintiff states that he possesses only a basic ability to read and write and a limited knowledge of the law.  Dkt. #30.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;
2. Whether the indigent is able to investigate the crucial facts concerning his claim;
3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
4. Whether the legal issues involved are complex; and
5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel

should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Plaintiff has demonstrated a capacity to inform the court of the factual allegations supporting his legal claim and has not established that the appointment of counsel is warranted at this time under the factors set forth above.   Accordingly, plaintiff's motion for appointment of counsel (Dkt. #30), is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 26, 2012

                                                            *s/ H. Kenneth Schroeder, Jr.*
                                                            H. KENNETH SCHROEDER, JR.
                                                            United States Magistrate Judge